NOT FOR PUBLICATION                                                              CLOSE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J. FLETCHER CREAMER & SON, INC., <br><br> Plaintiff, <br> v. <br><br> UNITED STATES OF AMERICA; PORCHETTA CONTRACTING COMPANY OF NEW JERSEY, INC.; and SANTOS LANDSCAPING, <br><br> Defendants. | OPINION <br><br> Civ. No. 2:13-cv-3298 (WHW) (CLW) |

**Walls, Senior District Judge**

Plaintiff J. Fletcher Creamer & Son, Inc. brought this action for interpleader seeking determination as to the proper recipient of New Jersey state funds paid on a state project where the work was ultimately completed by a subcontractor, whom the original contractor did not consent to, and where the Internal Revenue Service has issued a notice of levy on those funds. Defendant United States of America moves for summary judgment. Decided without oral argument under Fed. R. Civ. P. 78, Defendant United States of America's motion is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff J. Fletcher Creamer & Son, Inc. ("JFC") served as the general contractor for a construction project at Rutgers University. JFC engaged Nicola Porchetta Contracting Company ("Porchetta") as a subcontractor to build a campus bike and walking path on the university's campus. ECF. No.1 Ex. A, Compl. ¶ 1. A contract between JFC and Porchetta was drafted but was never signed. *Id.* ¶ 3. Porchetta then engaged another company, Santos Landscaping ("Santos"), to perform work on the bike path. Porchetta did not give notice to JFC that Santos

would be performing the work on the bike path until after work was completed. *Id.* ¶ 4. After Santos performed its services, Porchetta submitted an invoice to JFC for $27,954. *Id.* ¶ 2.

Following the completion of the bike path project, but before any payment was issued from JFC to Porchetta, or from Porchetta to Santos, the Internal Revenue Service asserted that Porchetta owed a sum of $2,248,357 for unpaid employment and income taxes. *Id.* ¶ 3. On October 3, 2012, the IRS issued a Notice of Levy to JFC to recover against this sum from monies owed by JFC to Porchetta. Notice of Levy, ECF No. 23-4. On April 15, 2013, JFC filed an interpleader action in New Jersey state court, seeking to determine the proper recipient of the $27,954 owed on the bike path project.

While Plaintiff JFC initially brought their complaint for interpleader in Bergen County Superior Court, the case was removed to federal district court pursuant to 28 U.S.C. §§ 1441, 1442, 1444, and 1446. Notice of Removal, ECF No. 1. Defendant United States of America moved for summary judgment on June 3, 2016, asking that the $27,945 at issue be disbursed to them and not to Defendant Santos. Mot. for Sum. Judg., ECF No. 23. Santos has not opposed the United States' motion.[1]

## LEGAL STANDARD

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute between the parties must be both genuine and material to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). A disputed fact is material where it would affect the outcome of the suit under the relevant

---

[1] Despite requesting and receiving three extensions from the Court, ECF Nos. 24, 26, 27, Defendant Santos ultimately informed the Court on August 8, 2016 that they would not be filing an opposition to the United States' motion.

substantive law. *Scott v. Harris*, 550 U.S. 372, 380 (2007) and a dispute is genuine where a rational trier of fact could return a verdict for the non-moving party. *Id.*

The movant bears the initial burden to demonstrate the absence of a genuine issue of material fact for trial. *Beard v. Banks*, 548 U.S. 521, 529 (2006). Once the movant has carried this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" in question. *Scott*, 550 U.S. at 380 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). Each party must support its position by "citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Scott,* 550 U.S. at 380. At this stage, the Court's "function is not . . . to weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, and it is "inappropriate for a court to . . . make credibility determinations." *Big Apple BMW, Inc. v. BMW of North Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

When a motion for summary judgment is not formally opposed, the motion should be granted provided that the movant would be entitled to judgment as a matter of law. *Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 171 (3d Cir. 1990). A party is not automatically entitled to summary judgment simply because the opposing party has not formally opposed the motion. There must still be a finding by the court that that judgment for the moving party is "appropriate". *Id.* at 175; Fed. R. Civ. P. 56(e).

## DISCUSSION

**1. Any payments owed to Santos are not protected as trust funds**

The New Jersey Trust Fund Act, N.J.S.A. 2A:44-148 requires that:

> All money paid by the state of New Jersey or by any agency, commission or department thereof, or by any county, municipality or school district in the state, to any person pursuant to the provisions of any contract for any public improvement made between any such person and the state or any agency, commission or department thereof, or any county, municipality or school district in the state, shall constitute a trust fund in the hands of such person as such contractor, until all claims for labor, materials and other charges incurred in connection with the performance of such contract shall have been fully paid.

This provision applies only to those who have furnished labor and materials to the project through direct contract with the prime contractor. *Universal Supply Co. v. Martell Const. Co.*, 156 N.J. Super. 327, 332 (N.J. Super. Ct. App. Div. 1978). Those who have furnished labor or materials for the project through contract with any subcontractors down the ladder are not protected by N.J.S.A. 2A:44-148. *Id.*

In their request for interpleader, Plaintiff JFC argues that the funds at issue are considered trust funds under N.J.S.A. 2A:44-148 as they are New Jersey state funds paid for labor and material on a state project. Amended Compl. ECF No. 4 ¶ 7. While it is correct that the funds at issue are trust funds under this definition, the ambit of protection afforded by N.J.S.A. 2A:44-148 does not include Santos due to the fact that the company had no direct contractual relationship with the prime contractor, JFC. The fact that Porchetta was a subcontractor, and not a primary contractor, on the bike path project is not in dispute. Also not in dispute is the fact that Santos dealt solely with Porchetta and was at no time party to a contract with JFC. Consequently, any outstanding funds due to Santos are not trust funds under N.J.S.A. 2A:44-148 and are not protected from levy by the Internal Revenue Service.

**2. The United States is entitled to a lien on the funds owed by JFC to Porchetta**

The United States is entitled to a lien upon all property and rights to property belonging to any person liable to pay tax who neglects or refuses to pay that tax. 26 U.S.C. § 6321. Porchetta has not attempted to dispute that they owe the United States over $2.2 million in unpaid employment and income taxes. Notice of Levy, ECF No. 23-4. As a result of Porchetta's unpaid taxes, the United States is entitled to a lien on the $27, 945 owed to Porchetta by JFC.

The undisputed facts of this case demonstrate first that Santos cannot make a claim to the disputed funds as trust funds paid by New Jersey for state project, and second that the United States is entitled to a lien on the funds as a result of Porchetta's unpaid taxes. Summary judgment is appropriate.

## CONCLUSION

Defendant United States' motion for summary judgment is granted. The $27,945 held by the registry of the Court should be disbursed to the United States. An appropriate order follows.

Date: 4 Octbre 2016

Hon. William H. Walls
United States Senior District Judge